UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 2:20-cr-00062-NT |
| ) | |
| JOSHUA CORY FRANCES ) | |

### AGREEMENT TO PLEAD GUILTY
### (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Darcie N. McElwee, United States Attorney and Donald E. Clark, Assistant United States Attorney for the District of Maine, and JOSHUA CORY FRANCES (hereinafter "Defendant"), acting for himself and through his counsel, Walter F. McKee, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. <u>Guilty Plea/Dismissal of Counts</u>. Defendant agrees to plead guilty to Counts One and Two of the Indictment filed against him pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Those Counts charge the Defendant with federal program fraud and wire fraud. The United States agrees that it will move to dismiss counts Three through Six of the Indictment pursuant to Rule 11(c)(1)(A) at the time of sentencing. The parties agree and understand that if the court should deny that motion to dismiss, the provisions of Rule 11(c)(5) will apply.

2. <u>Sentencing/Penalties.</u> Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

        A.    A maximum prison term of 10 years on Count One and 20 years on Count Two;

      B.      A maximum fine of $250,000 on Count One and the greater of $250,000 and twice the gain or loss on Count Two;

      C.      A mandatory special assessment of $100 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea; and

      D.      A term of supervised release of not more than three years. Defendant understands that his failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring Defendant to serve up to two additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

In addition to the other penalties provided by law, the Court must also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

Pursuant to 18 U.S.C. § 3663A(a)(3), the defendant also agrees to pay, as restitution: (1) $2,479.46 to the Town of Brunswick; (2) $611.76 to the Town of Falmouth; and (3) $9,630 to the Maine Department of Health and Human Services.

    3.    <u>Agreements Regarding Sentencing</u>. The parties agree to make the following non-binding recommendations as to sentencing:

      A.      The parties agree to recommend that the 2018 edition of the <u>Guidelines Manual</u> applies.

      B.      The parties agree to recommend that the Court find that the Defendant has accepted responsibility for the offenses of conviction, and that the Court should reduce the Defendant's Adjusted Offense Level pursuant to U.S.S.G. § 3E1.1. The Government reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing, the Defendant: (a) fails to admit a complete factual basis for the plea; (b) fails to truthfully admit his conduct in the offense of conviction; (c)

engages in conduct which results in an adjustment under U.S.S.G. § 3C 1.1; (d) falsely denies or frivolously contests relevant conduct for which the Defendant is accountable under U.S.S.G. § 1B1.3 or previous convictions that the defendant has sustained; or (e) engages in new criminal conduct. Defendant understands that he may not withdraw the guilty plea if, for any of the reasons listed above, the Government does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

The parties expressly agree and understand that should the Court reject either or both of the recommendations of the parties, Defendant will not thereby be permitted to withdraw his plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. <u>Appeal Waivers</u>. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

    A.    Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

    B.    A sentence of imprisonment that does not exceed two years.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of years mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

5. <u>New Criminal Conduct</u>. Defendant agrees that he will not commit any other federal or state crime.

3

6. <u>Consequences of Breach</u>.  If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder, including its obligations to make any sentencing recommendations under Paragraph 3, and may fully prosecute Defendant on all criminal charges that can be brought against Defendant.  With respect to such a prosecution:

    A. The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

    B. Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion.  In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

7. <u>Speedy Trial Waiver</u>.  Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed.  In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 6 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred.  Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

8.      Forfeiture. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States, including, but not limited to: (a) One 27-foot Boston Whaler boat – model: "2002 BW EW 270OR 270 OUTRAGE" and bearing hull identification number: BWCE2508C202, (b) Two Mercury Marine outboard engines, 150 horsepower, with direct fuel injection and bearing serial numbers: OT908394 and OT908397.

9.      Validity of Other Agreements; Signature. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: October 15, 2021                    _____
                                          JOSHUA CORY FRANCES, Defendant


I am legal counsel for JOSHUA CORY FRANCES. I have carefully reviewed every part of this Agreement with JOSHUA CORY FRANCES. To my knowledge, JOSHUA CORY FRANCES's decision to enter into this Agreement is an informed and voluntary one.

Date: October 15, 2021                    _____
                                          Walter F. McKee, Esquire
                                          Attorney for Defendant

5

FOR THE UNITED STATES:   DARCIE N. MCELWEE
United States Attorney

Date: October 15, 2021

_____
Donald E. Clark
Assistant U.S. Attorney

Approved:   _____
Supervisory Assistant U.S. Attorney

Revised 7/30/20

6